**FUND FOR COMMUNITY PROGRESS, INC., Plaintiff, Appellant,**

v.

**John J. KANE, etc., Defendant, Appellee.**

No. 91–1040.

United States Court of Appeals,
First Circuit.

Heard May 10, 1991.

Decided Sept. 3, 1991.

John W. Dineen, with whom Yesser, Jessup & Green, Providence, R.I., was on brief, for plaintiff, appellant.

David W. Dugan, with whom James E. O'Neil, Atty. Gen., Barbara E. Grady, Sp. Asst. Atty. Gen., Providence, R.I., were on brief, for defendant, appellee.

Before BREYER, Chief Judge, ALDRICH, Senior Circuit Judge, and TORRUELLA, Circuit Judge.

BAILEY ALDRICH, Senior Circuit Judge.

The State of Rhode Island, through defendant State of Rhode Island Department of Administration, runs an annual charitable fundraising drive ("State Employees Charitable Appeal" (SECA)) through which state employees may make contributions by automatic payroll deduction to a number of charitable organizations. SECA is governed by the State Employees Campaign Regulations. These regulations provide that "the administration and management of the campaign shall be the responsibility of the Principal Fund Raising Organization [PFRO]." Regulations § 8(c) (1984). The PFRO presently is a subsidiary of the Rhode Island United Way. Although all are included in the drive, the United Way's list of charities differs from those represented by plaintiff Fund for Community Progress, Inc. (Fund). Herein the seed of discord.

One of the PFRO's duties under the regulations is to "form[ ] and staff[ ] a State Employee Campaign Committee" (Committee). Regulations § 8(d)(5). From its creation in 1984, the Committee consisted of state employees, union officials, state agency directors, and a number of charitable federations. In 1990, the State decided to exclude the charitable federations, including plaintiff Fund, from participation in the Committee. Plaintiff brought suit claiming that its exclusion violates the First Amendment's protection of speech. Taking, as its lodestar, *Cornelius v. NAACP Legal Defense & Educational Fund,* 473 U.S. 788, 105 S.Ct. 3439, 87 L.Ed.2d 567 (1985), the district court held that the Committee was a nonpublic forum, and that excluding plaintiff was a reasonable restriction. We affirm, but not on that basis. For this case

*Cornelius* is but St. Elmo's fire. The Committee is not a forum at all, public or nonpublic, and there is no First Amendment question.

We have but recently addressed the question of public and nonpublic fora. *Grace Bible Fellowship, Inc. v. Maine School Administrative District # 5,* 941 F.2d 45 (1st Cir.1991). Briefly, a forum provided others by the state for expressive activities may be general (public), or limited public (nonpublic). If public, exclusions are allowed only for compelling state reasons. *E.g., United States v. Kokinda,* —— U.S. ——, 110 S.Ct. 3115, 3119, 111 L.Ed.2d 571 (1990). If properly characterized as limited public, exclusions are permitted so long as reasonable. *E.g., Perry Educ. Ass'n v. Perry Local Educators' Ass'n,* 460 U.S. 37, 46, 103 S.Ct. 948, 955, 74 L.Ed.2d 794 (1983).

In *Cornelius,* by Executive Order, the President had established the Combined Federal Campaign (CFC) to conduct a charity drive aimed at federal employees. This arose out of the need to organize and simplify diverse solicitation by a growing number of unconnected charities, whose unregulated conduct produced disruption as well as overall inefficiency. However, only charities that were concerned with direct health and welfare services to individuals were eligible to participate. A number of charities, hereinafter respondents, engaging in advocacy, lobbying, and litigation on behalf of others, were, accordingly, refused. They sued, alleging restriction of their First Amendment rights. The district court held that the CFC was a "limited public forum;" that respondents' solicitation was speech, and that their exclusion was content based and was not supported by a compelling government interest. The majority of a divided court of appeals did not decide between public and nonpublic forum, but affirmed on the ground that respondents' exclusion was not sufficiently reasonable on any basis. The Court reversed, 4 to 3, holding that solicitation is free speech; CFC is a forum, but nonpublic; hence the exclusion must only be reasonable, not compelling, and it was reasonable.

Comparison of the SECA herein and the CFC at first blush may seem tempting. Both were drives for multiple charities. In *Cornelius* respondents were excluded, and their solicitation (speech), accordingly, abridged, and here Fund was denied membership, and hence say, on the Committee. However, the consequences are very different. SECA, through PFRO, allows all charities, those represented by the Fund, as well as those by the United Way, equal treatment. The court found,

> [T]he evidence shows that all participating charitable organizations, including both the Fund for Community Progress and United Way are allotted equal space in the brochure that is circulated among State employees. And they are all permitted to draft their own messages for inclusion in that brochure. And those messages are all of equal length.

The Fund, in other words, was not restricted in its solicitation; nor were the donees barred from making individual designations of their contributions. Fund, and all other charities, were merely denied membership on the Committee.

It is a novel, indeed extraordinary, proposition that anyone not permitted to be a member of an administrative committee, and thus prevented from speaking, with equal rank, to the members, and sharing in what the committee does, has had its freedom of speech unconstitutionally abridged. We may ask, where would be an end to this? Fund's case is even weaker. It is, in fact, allowed to address the committee. The court found that, in the final analysis, "The only ideas being rejected here are those regarding how the campaign should be run."

We would quite agree with the court that the reasons for excluding Fund from membership on the committee were reasonable, if there were such a constitutional requirement. We do not pursue this subject, however, as the Committee is not a forum for

speech within First Amendment concepts in any respect.

*Affirmed.*